**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAOQING CHEN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71504

Agency No. A088-113-526

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Shaoqing Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the numerous inconsistencies between Chen's testimony at his hearing and his testimony before an asylum officer, including inconsistencies regarding whether or not Chen signed photographs of himself while he was detained, the distance to the police station, the location of his interrogation room, the number and description of the police officers who interrogated him, and the amount he paid a snakehead. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of circumstances"); *see also Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (adverse credibility finding was supported based on numerous inconsistencies regarding the details of petitioner's abduction, especially where her entire claim centered around only two events). Chen's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Chen's challenge to the agency's reliance on the asylum officer's notes. *See Singh v. Gonzales*, 403 F.3d 1081, 1089-90 (9th Cir. 2005) (listing indicia of reliability for an asylum officer's notes). Further, Chen's contention that the IJ

was predisposed to discredit his testimony is not supported by the record. In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Chen's CAT claim also fails because it is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not that he will be tortured if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**